John J. Keenan SBN 242487
**Warren Law Group**
445 S. Figueroa St.
Los Angeles, CA 90071
866-954-7687 | 866-335-6823
johnkeenan@warren.law

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

PREHIRED, LLC,

     Plaintiff,

v.

MATTHEW PROVINS,

     Defendant.

Case No.: 2:22-cv-00384-TLN-AC

## <u>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE</u>

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES INOPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... ii

PROCEDURAL POSTURE ......................................................................1

ARGUMENT ..........................................................................................1

    1.    The Anti-SLAPP Statute Does Not Apply in Situations of a Commercial Competitor Acting in Restraint of Trade ..............................................1

    2.    Standard for this Court to Apply ...................................................3

    3.    Defendant's Submission of Third-Party Declarations and Hearsay Materials Are Irrelevant and Should Not Be Considered by the Court................6

    4.    Plaintiff Has Suffered Damages From the Cancellation of a Contract with New Epona Inc..................................................................................7

CONCLUSION ..........................................................................................8

# TABLE OF AUTHORITIES

<u>Cases</u>

*Abbas v. Foreign Policy Group, LLC,*
  783 F.3d 1328 (D.C. Cir. 2015)........................................................................3

*Burlington N. R. Co. v. Woods,*
  480 U.S. 1, 8, 107 S. Ct. 967, 94 L. Ed. 2d 1, (1987) ....................................3

*Cahill v. Liberty Mut. Ins. Co.,*
  80 F.3d 336, 337-38 (9th Cir. 1996)...............................................................5

*Carbone v. Cable News Network, Inc.,*
  910 F.3d 1345 (11th Cir. 2018) ......................................................................3

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.,*
  63 F. Supp. 2d 1127 (USDC Northern District of California 1999) ...............1

*La Liberte v. Reid,*
  966 F.3d 79 (2nd Cir. 2020) ...........................................................................3

*Mann v. Quality Old Time Service, Inc.,*
  120 Cal. App. 4th 90, 106, 15 Cal. Rptr. 3d 215 (2004) ................................3

*Mello v. Great Seneca Fin. Corp.,*
  526 F. Supp. 2d 1024......................................................................................3

*Navarro v. Block,*
  250 F.3d 729, 732 (9th Cir. 2001) ..................................................................5

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress,*
  890 F.3d 828, 830 (9th Cir. 2018) ..................................................................4

*Sibbach v. Wilson & Co.,*
  312 U.S. 1, 14, 61 S. Ct. 422, 85 L. Ed. 479 (1941) ......................................3

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES INOPPOSITION TO DEFENDANT'S MOTION TO STRIKE - ii

*Thompson v. Davis,*
    295 F.3d 890, 895 (9th Cir. 2002) ..................................................5


<u>Statutes</u>

California Civil Procedural Code 425.16 (the "anti-SLAPP" statute) .......... 1-4, 7-8

Rule 12, FRCP ....................................................................3, 4

Rule 12(b)(6), FRCP .......................................................4-5, 7-8

Rule 56, FRCP ................................................................. 3-5

PROCEDURAL POSTURE

Plaintiff filed this action based on diversity of citizenship. Plaintiff stated causes of action for Trade Libel and Intentional Interference with third-party contractual relations. Provins has been defaming the Plaintiff's company with the intent of taking the Plaintiff's clients and business. Instead of answering the complaint, Defendant filed a motion to strike the complaint pursuant to California Civil Procedural Code 425.16, otherwise known as the anti-SLAPP statute.

ARGUMENT

**1.  The Anti-SLAPP Statute Does Not Apply in Situations of a Commercial Competitor Acting in Restraint of Trade**

A defendant filing an anti-SLAPP motion must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech. *See, Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 63 F. Supp. 2d 1127 (USDC Northern District of California 1999).

Globetrotter Software involved a case in which a trade competitor made defamatory statements against a corporation much like the case at bar. In that case the District Court held that the defendant's statements were not public statements but instead that such statements were private matters which did not qualify for protection under anti-SLAPP legislation.

For the most part, these claims are based upon Globetrotter's statements to the market regarding Elan, Rainbow and their products. The

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES INOPPOSITION TO DEFENDANT'S MOTION TO STRIKE - 1

statements in question were not made during or in connection with an official proceeding. Thus, the statements come within the protection of the anti-SLAPP statute only if they can be characterized as statements made in a place open to the public or a public forum in connection with an issue of public interest. **The Court has been unable to locate any California cases concluding that the "issue of public interest" test is met by statements of one company regarding the conduct of a competitor company. If such statements were construed as coming within the statute's protection, any lawsuit alleging trade libel, false advertising or the like in the context of commercial competition would be subject to attack as a SLAPP suit. This clearly is not the result intended by the Legislature when enacting the anti-SLAPP statute.** Accordingly, in the absence of clear California case law to the contrary, this Court declines to apply to statute's protection to the speech at issue in this case. [Emphasis added]

*Ibid.*

Provins is a competitor of the Plaintiff and along with the act of trade libel, Provins was importuning the Plaintiff's clients to come join his new company. Acting in restraint of trade was part of Provins' plans and that of his new employer. In the instant case, all of Provins' statements were statements to the market and were involving issues of a private matter, that of restraint of trade between two commercial competitors. The California legislature did not intend to protect Provins' statements acting in restraint of trade and attempting to steal the Plaintiff's clients. Therefore, Provins' statements are not entitled to protection under the anti-SLAPP legislation. Consequently, Provins cannot meet the first prong necessary to maintain the motion to strike.

However a cause of action may only be stricken under the **anti-SLAPP** statute if it arises from protected speech or petitioning activity and lacks even minimal merit. … Where a cause of action refers to both protected and unprotected activity and a plaintiff can show a probability of prevailing on *any part of its claim,* the cause of action is not meritless and will not be subject to the **anti-SLAPP** procedure." <u>Mann v. Quality Old Time Service, Inc.,</u> 120 Cal. App. 4th 90, 106, 15 Cal. Rptr. 3d 215 (2004) (internal citation omitted and emphasis in original).

*Mello v. Great Seneca Fin. Corp*., 526 F. Supp. 2d 1024.

## 2. Standard for this Court to Apply

Defendant ignores and fails to address the fact that a federal district court must apply a different standard in determining this motion than a California state court would. California's anti-SLAPP statute is a procedural statute and not substantive law. Normally, of course, a federal court could not adopt state procedural law under the Erie Doctrine or any other theory. In fact, there is controversy and disagreement among the federal circuits specifically over California's anti-SLAPP statute. The 2nd Circuit, for one, has completely struck it down.

Since FRCP <u>Rules 12</u> and <u>56</u> answer the same question as California's special motion to strike, they "govern in diversity cases in federal court, unless <u>Rules 12</u> and <u>56</u> violate the Rules Enabling Act." *Abbas, 783 F.3d at 1336*. "So far, the Supreme Court has rejected every challenge to the Federal Rules that it has considered under the Rules Enabling Act." <u>Id.</u> Neither Reid nor <u>amici curiae</u> invite us to deviate. Still, we briefly address the question for the sake of completeness. The test is "whether a rule really regulates procedure,--the judicial process for

enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S. Ct. 422, 85 L. Ed. 479 (1941). Like the Eleventh Circuit, "[w]e have little difficulty concluding" that <u>Rules 12</u> and <u>56</u> "comply with the Rules Enabling Act," particularly because they "'affect only the process of enforcing litigants' rights and not the rights themselves.'" *Carbone,* 910 F.3d at 1357 (second alteration in original) (quoting *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 8, 107 S. Ct. 967, 94 L. Ed. 2d 1, (1987)). Accordingly, federal courts must apply FRCP <u>Rules 12</u> and <u>56</u> instead of California's special motion to strike.

*See, La Liberte v. Reid*, 966 F.3d 79 (2ⁿᵈ Cir. 2020).

The essential question for this Court is whether the California legislature can supplement the FRCP which provide for motions to dismiss only by means of Rules 12 and 56. The 9th Circuit, which is controlling for this District Court, has taken a different tack. The 9th Circuit affirms that California's anti-SLAPP legislation cannot create an independent motion to dismiss supplanting the Federal rules, but rather modifies the Federal rules to accommodate the state procedural statute.

Echoing the point we made earlier in adopting the rule of *Z.F.*, we hold that, on the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the <u>Federal Rule of Civil Procedure 12(b)(6)</u> standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the <u>Federal Rule of Civil Procedure 56</u> standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court. A contrary reading of these anti-SLAPP provisions would lead to the stark collision of the state rules of procedure with the governing Federal Rules of Civil Procedure while

in a federal district court. In this context, if there is a contest between a state procedural rule and the federal rules, the federal rules of procedure will prevail. [Citations omitted]

 See, *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 830 (9th Cir. 2018).

Consequently, when determining whether the claim is legally sufficient, this court must apply the standard under FRCP 12(b)(6) which requires the Court to accept the pleadings of the Plaintiff as true and provide every possible inference to the Plaintiff. *See, Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

The relevant inquiry for a *Rule 12(b)(6)* motion is not whether the plaintiff has demonstrated a likelihood of success on the merits. A *Rule 12(b)(6)* "[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *See, Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

This means that the Defendant cannot meet the second initial prong for the motion which is that he must prove that the Plaintiff cannot succeed on its claim.

However, if there are factual questions, the FRCP 56 standard will apply. This is not a case which involves merely the legal sufficiency of the claim. There are factual issues such as whether Defendant Provins was acting on behalf of a third

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES INOPPOSITION TO DEFENDANT'S MOTION TO STRIKE - 5

party in soliciting the Plaintiff's clients and acting in restraint of trade. It is critical to this issue of the identifying the real actor behind Provins for the Plaintiff to conduct discovery.

Additionally, Provins has deliberately contradicted his own previous statements. Provins stated publicly that he was extremely pleased with the training he received from the Plaintiff. Provins then, as part of his campaign to steal business from the Plaintiff for his new employer made a false public statement defaming the business of the Plaintiff. Provins then stated under oath that he was extremely displeased with the training. That question as to the factual truth of Provins statements is at the core of this matter. Mr. Provins has made contradictory statements in this case and there has been no ability to depose him to this point in time. There are numerous factual issues which must be answered, and the Plaintiff needs discovery to do so. Provins, upon information and belief has been fronting for his corporate employer and making these commercial trade libel statements on that entity's behalf. Discovery is critical to the issues in this case.

**3. Defendant's Submission of Third-Party Declarations and Hearsay Materials Are Irrelevant and Should Not Be Considered by the Court**

Defendant submits numerous Declarations from purported former students of the Plaintiff. These statements are all to the effect that they dislike the Plaintiff and that they were not pleased with his courses. Additionally, Defendant submits

numerous items which were found on the internet, all of which are hearsay with no attempt to apply any hearsay exception or to make these items admissible. In any event they are irrelevant. For example, defendant submits documents purporting to be from the Delaware Attorney General's office with no certification or attestation to prove their authenticity. They are for the most part white noise which do not address the core issues. Primary among those issues is whether claims among two competitors may be the subject of an Anti-SLAPP motion to strike. The fact that issues may have been discussed on the internet does not make Provins speech public. Provins speech was designed to interfere with Plaintiff's business relations with its customers and to take that business for itself and Provins' employer and is according to the relevant case law cited above, private speech and not protected in this context.

### 4.  Plaintiff Has Suffered Damages From the Cancellation of a Contract with New Epona Inc.

One of the elements of trade libel is that the Plaintiff must have suffered actual damage from the acts of the Defendant. New Epona cancelled its contract with PreHired. The contract was worth over $2 million dollars. General Counsel for New Epona explicitly informed the Plaintiff's counsel that the contract was cancelled because of Provins' statements. Defendant's counsel states that he was told that the cancellation was not on account of Provins' statements. It is a question of fact whether this was the cause of the cancellation. In any event, the allegation is

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES INOPPOSITION TO DEFENDANT'S MOTION TO STRIKE - 7

sufficient to survive a Rule 12(b)(6) analysis and consequently the Plaintiff has satisfied the elements of a trade libel claim.

## CONCLUSION

As argued above, the trade libel statements made by the Defendant were not public speech, but rather commercial statements made by a competitor seeking to gain a commercial advantage and steal the customers of the Plaintiff by means of disparaging the Plaintiff company. Defendant's speech is therefore not protected by the Anti-SLAPP legislation. The Court cannot apply the analysis a state court would but must instead employ a 12(b)(6) analysis in which the Plaintiff's allegations must be accepted as true by the Court and the Plaintiff must be granted every possible inference in determining the motion.

The extraneous declarations and the hearsay submitted on behalf of the Defendant are irrelevant and should be ignored. Finally, the Plaintiff has pled the elements of trade libel including damages. The question of the amount of damages is a question of fact which the trier of fact must determine. For all these reasons the Court should deny Defendant's motion to strike.

1

2

3

4

5    Dated this 19th day of May 2022.

6

7

8                                        Respectfully submitted,

9

10

11

12                                        /s/ John J. Keenan

13                                       John J. Keenan
                                         **Warren Law Group**
14                                       445 S. Figueroa St.
                                         Los Angeles, CA 90071
15                                       866-954-7687 | 866-335-6823
                                         johnkeenan@warren.law
16

17

18

19

20

21

22

23

24

25

26

27

28    PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES INOPPOSITION TO DEFENDANT'S
      MOTION TO STRIKE - 9