UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREHIRED, LLC, | No. 2:22-cv-00384-DAD-AC |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF |
| MATTHEW PROVINS, | |
| Defendant. | (Doc. No. 61) |

This matter is before the court on the motion to withdraw as attorney filed by John J. Keenan, counsel of record for plaintiff Prehired, LLC ("Prehired") on May 26, 2023. (Doc. No. 61.)[1] In support of that motion, attorney Keenan has submitted a declaration in which he explains that he lacks the authority to continue representing Prehired in this action and thus his withdrawal is mandatory. (Doc. No. 61-1.) Specifically, attorney Keenan explains that Prehired filed for bankruptcy, and Prehired's Chapter 7 bankruptcy trustee—Don Berkstone of the law firm Ashby & Geddes, 500 Delaware Avenue, 8th floor, Wilmington, Delaware 19801, (302) 654-1888—has not expressed any intent to retain attorney Keenan and his law firm, Warren Law Group, to continue representing Prehired in this action, nor has Trustee Berkstone instructed attorney

---

[1] The pending motion was improperly noticed for a hearing on June 6, 2023, a date which does not comply with the 35-day notice period required by the Local Rules. *See* L.R. 230(b). Nevertheless, having reviewed the motion, the court finds it suitable for decision on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for June 6, 2023.

1

Keenan to take any position on defendant's pending motion for attorneys' fees. (*Id.* at ¶¶ 6–10, 20–22.)  Attorney Keenan further declares that after the court issued its decision on defendant's motion to dismiss in this action, he forwarded a copy of that decision to Trustee Berkstone, and attorney Keenan also served a copy of the pending motion to withdraw as counsel on Trustee Berkstone by first class mail. (*Id.* at ¶¶ 18–19, 24.)

In this district, an attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d).  Rule of Professional Conduct 1.16 provides that an attorney shall withdraw from the representation of a client if the client discharges the lawyer.  Cal. R. Prof. Conduct 1.16(a)(4).

As the appointed Chapter 7 trustee, Trustee Berkstone has control over plaintiff's representation in this action.  *See Krivolavek v. BeavEx Inc.*, No. 1:18-cv-01416-NONE-SKO, 2021 WL 5855259, at *3 (E.D. Cal. Nov. 16, 2021) (granting defense counsel's motion to withdraw where the defendant filed for bankruptcy and the defendant's current counsel was not retained by the bankruptcy trustee to continue representing the defendant in that action and was thus "effectively discharged") (citing *In re Jaeger*, 213 B.R. 578, 592 (Bankr. C.D. Cal. 1997) ("In bankruptcy the rights of a corporation with respect to its present or former counsel are controlled by the trustee[.]")); *see also Boecken v. Gallo Glass Co.*, No. 1:05-cv-00090-LJO, 2012 WL 1299307, at *2 (E.D. Cal. Apr. 13, 2012) (granting a motion to withdraw as counsel of record for the plaintiff where the plaintiff filed for bankruptcy and the bankruptcy trustee did not retain the plaintiff's current counsel to continue representing the plaintiff in that action).  Here, Trustee Berkstone's decision not to retain attorney Kennan to continue representing plaintiff Prehired in this action has the effect of discharging attorney Keenan, and on this basis, the court

agrees that attorney Keenan's withdrawal as counsel of record for plaintiff is mandatory under the Rules of Professional Conduct.  Accordingly, the pending motion to withdraw as counsel (Doc. No. 61) will be granted.

In addition, the court will direct the Clerk of the Court to serve a copy of this order on Trustee Berkstone and will order that, within fourteen (14) days from the date of entry of this order, Trustee Berkstone shall obtain counsel to represent Prehired in this action and shall ensure that the appropriate notice of appearance is filed on the docket in this action.

To accommodate the additional time provided for Trustee Berkstone to engage new counsel to represent Prehired in this action, the court will also set a new filing deadline of June 21, 2023 for Prehired to file either an opposition or a statement of non-opposition to defendant's pending motion for attorneys' fees (Doc. No. 55), and the court will continue the hearing on that motion to July 18, 2023.  If Prehired files an opposition to defendant's motion, then defendant shall have until June 30, 2023 to file a reply, if any.

Trustee Berkstone is warned that his failure to comply with this order will be construed by the court as a failure by plaintiff to prosecute this action and as a non-opposition by plaintiff to defendant's motion for attorneys' fees.

Accordingly,

1. Plaintiff's counsel John J. Keenan's motion to withdraw as counsel of record for plaintiff (Doc. No. 61) is granted;

2. The hearing on the motion to withdraw scheduled for June 6, 2023 at 1:30 p.m. is vacated;

3. The hearing on defendant's pending motion for attorneys' fees (Doc. No. 55) is vacated and reset from June 6, 2023 to July 18, 2023 at 01:30 p.m. before District Judge Dale A. Drozd by Zoom;

4. Plaintiff shall file either an opposition or a statement of non-opposition to the pending motion for attorneys' fees (Doc. No. 55) by no later than June 21, 2023;

5. Defendant's reply brief, if any, shall be filed no later than June 30, 2023;

/////

3

6. Within fourteen (14) days from the date of entry of this order, Trustee Berkstone shall obtain counsel to represent plaintiff Prehired LLC in this action and shall ensure that the appropriate notice of appearance is filed on the docket in this action by that date;

7. Trustee Berkstone is warned that his failure to comply with this order will be construed by the court as a failure by plaintiff Prehired LLC to prosecute this action and as a non-opposition by plaintiff to defendant's motion for attorneys' fees;

8. The Clerk of the Court is directed to terminate attorney John J. Keenan as the counsel of record for plaintiff Prehired, LLC, and;

9. The Clerk of the Court is directed to serve a copy of this order on Trustee Berkstone at the following address:

> Don Berkstone
> Trustee for Prehired, LLC
> Ashby & Geddes
> 500 Delaware Avenue, 8th floor
> Wilmington, Delaware 19801
> (302) 654-1888

IT IS SO ORDERED.

Dated: **May 30, 2023**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE