UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREHIRED, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW PROVINS,<br><br>    Defendant. | No. 2:22-cv-00384-DAD-AC<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>(Doc. No. 55) |

This matter is before the court on the motion for attorney's fees and costs filed on behalf of defendant on April 26, 2023. (Doc. No. 55.) On June 23, 2023, defendant's motion was taken under submission on the papers. (Doc. No. 63.) For the reasons explained below, defendant's motion will be granted.

**BACKGROUND**

On March 1, 2022, plaintiff Prehired, LLC ("Prehired") filed the complaint initiating this action against defendant, alleging two state law claims: trade libel and intentional interference with business relationships. (Doc. No. 1 at 7, 10.) A few days later, plaintiff filed a motion for a temporary restraining order, which defendant opposed. (Doc. Nos. 5, 20.) The court denied plaintiff's motion for a temporary restraining order because plaintiff had not shown that it was likely to succeed on the merits of its trade libel claim and plaintiff's allegations of irreparable

/////

1

1 harm were "insufficient to warrant the extraordinary remedy of a temporary restraining order."
2 (Doc. No. 27 at 9, 10.)

3    On April 12, 2022, defendant filed a motion to strike plaintiff's complaint pursuant to
4 California's anti-SLAPP statute, California Civil Procedure Code § 425.16.  (Doc. No. 28.)  On
5 May 25, 2022, the motion to strike was taken under submission on the papers without oral
6 argument.  (Doc. No. 51.)  On August 25, 2022, this case was reassigned to the undersigned.
7 (Doc. No. 52.)

8    On March 30, 2023, the court granted defendant's motion to strike because defendant
9 "made a *prima facie* showing that his alleged statements were made in a public forum in
10 connection with an issue of public interest, and accordingly, that plaintiff's suit 'arises from an
11 act in furtherance of the defendant's rights of petition or free speech,'" and "[b]ecause plaintiff
12 has not established a probability of prevailing on its trade libel or intentional interference with
13 business relationships claims."  (Doc. No. 54 at 13, 17) (citation omitted).  Consistent with Ninth
14 Circuit precedent, the court dismissed plaintiff's complaint but granted plaintiff leave to file an
15 amended complaint, even though "it appear[ed] unlikely that plaintiff[] will be able to cure the
16 deficiencies."  (*Id.* at 17) (citing *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091
17 (9th Cir. 2004) (holding that "granting a defendant's anti-SLAPP motion to strike a plaintiff's
18 initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R.
19 Civ. P. 15(a)'s policy favoring liberal amendment")).  Plaintiff was directed to file either an
20 amended complaint or a notice of its intent not to do so within fourteen days from the date of
21 entry of that order.  (*Id.* at 18.)  Plaintiff did not comply with the court's March 30, 2023 order.

22    On April 26, 2023, defendant filed the pending motion for an award of attorney's fees and
23 costs pursuant to California's anti-SLAPP statute, which provides that "a prevailing defendant on
24 a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."
25 (Doc. No. 55) (citing Cal. Civ. Proc. Code § 425.16(c)).  Plaintiff did not file an opposition or a
26 statement of non-opposition to that motion, as required under the Local Rule 230, which
27 prompted the court to *sua sponte* extend plaintiff's filing deadline to May 17, 2023.  (Doc. No.
28 58.)

Rather than file an opposition or a statement of non-opposition to the pending motion as directed, plaintiff's counsel filed a motion to withdraw as counsel because plaintiff had filed for bankruptcy and plaintiff's bankruptcy trustee did not retain plaintiff's counsel to continue representing plaintiff in this action. (Doc. No. 61.) The court granted plaintiff's counsel's motion to withdraw on May 31, 2023 and directed plaintiff's bankruptcy trustee to obtain counsel to represent plaintiff in this action within fourteen days of that order. (Doc. No. 62 at 3–4.) The court also directed plaintiff to file either an opposition or a statement of non-opposition to defendant's pending motion for attorney's fees and costs by no later than June 21, 2023. (*Id.*) In that order, the court warned plaintiff's bankruptcy trustee that "his failure to comply with this order will be construed by the court as a failure by plaintiff Prehired LLC to prosecute this action and as a non-opposition by plaintiff to defendant's motion for attorneys' fees." (*Id.* at 4.) To date, plaintiff's bankruptcy trustee has not complied with the court's May 31, 2023 order or otherwise communicated with the court. Consequently, the court construes plaintiff's failure in this regard as a non-opposition to defendant's pending motion for attorney's fees and costs.[1]

**LEGAL STANDARD**

California's anti-SLAPP statute includes a fee-shifting provision, which states that "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). Pursuant to that provision, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001); *see also Verizon Del., Inc.*, 377 F.3d at 1091 (confirming that "defendants sued in federal court can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail"). "The fee-shifting provision also encourages private representation in SLAPP cases, including situations when a SLAPP defendant is unable to afford fees . . . ." *Ketchum*, 24 Cal. 4th at 1131.

---

[1] In the pending motion, defendant notes that plaintiff had filed for bankruptcy and that bankruptcy proceedings are pending in the United States Bankruptcy Court for the District of Delaware. (Doc. No. 55 at 8.) Defendant states that, if the court grants his motion for attorneys' fees and costs, his intention is to "file a notice of claim to recover the fees in the bankruptcy proceeding." (*Id.*)

"[T]o calculate attorneys' fees for defendants who prevail on an anti-SLAPP motion," courts utilize the lodestar method. *Shahid Buttar for Cong. Comm. v. Hearst Commc'ns, Inc.*, No. 21-cv-05566-EMC, 2023 WL 2989023, at *3 (N.D. Cal. Apr. 18, 2023). "The most useful starting point for determining the amount of a reasonable [attorneys'] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is referred to as the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."). "The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (citation and internal quotation marks omitted). The court "should exclude from this initial fee calculation hours that were not 'reasonably expended'" because they were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

"There is a strong presumption that the lodestar figure represents a reasonable fee." *Morales*, 96 F.3d at 364. "[I]n rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr*

4

1   *v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), that have not been subsumed in
2   the lodestar calculation." *Camacho*, 523 F.3d at 982 (quoting *Gates v. Deukmejian*, 987 F.2d
3   1392, 1402 (9th Cir. 1992)).  Those relevant factors include: "preclusion of other employment by
4   the attorney due to acceptance of the case; time limitations imposed by the client or the
5   circumstances; the amount involved and the results obtained; the 'undesirability' of the case; the
6   nature and length of the professional relationship with the client; and awards in similar cases."
7   *Camacho*, 523 F.3d at 982 n.1.

## DISCUSSION

As a preliminary matter, defendant prevailed on his motion to strike plaintiff's complaint, which was granted in its entirety, resulting in the dismissal of both of plaintiff's claims.  (*See* Doc. No. 54.)  Thus, as the prevailing party, defendant is entitled to a mandatory award of attorneys' fees and costs pursuant to California Civil Procedure Code § 425.16(c).

In the pending motion, defendant seeks a total award of $96,519.89, consisting of $95,986.00 in attorney's fees and $533.89 in costs.  (Doc. No. 55 at 6.)  Defendant was not charged for these fees and costs, however, because defendant retained attorney Nicholas J. Jollymore to represent him in this action on a *pro bono* basis.  (*Id.* at 7.)  Nevertheless, an award of attorneys' fees and costed incurred by attorney Jollymore on defendant's behalf is mandatory under the anti-SLAPP statute.  *See Ketchum*, 24 Cal. 4th at 1139 n.4 (holding that a defendant who prevailed on an anti-SLAPP motion was entitled to an award of attorneys' fees and costs even though the defendant was not charged by his lawyer and was represented under a contingent fee arrangement due to his inability to pay hourly fees); *see also Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 287 (2001), *as modified* (Apr. 5, 2001) (concluding that "the plain language and purpose of section 425.16, as well as the decisional law, support the recovery of attorney fees that have accrued in representing the defendants here, notwithstanding counsel's agreement not to look to defendants for payment").  The only remaining question for the court is what amount is reasonable for an award of attorneys' fees and costs in this case.

According to the declaration of attorney Jollymore, which defendant filed in support of the pending motion, he is a solo practitioner at his law firm, Jollymore Law Office, P.C. (the

1   "Firm") in San Francisco, California. (Doc. No. 55 at 7.) The Firm does not employ any other
2   attorney or staff; attorney Jollymore handles all tasks himself, including paralegal and clerical
3   functions. (*Id.* at 12.) Attorney Jollymore recorded all of the time he spent on this action by the
4   minute, with minutes "recorded for each element of work," not block-billing or rounding up
5   minutes to quarter hour increments. (*Id.* at 11.) Attorney Jollymore attached as an exhibit to his
6   declaration a copy of his timesheet records, which describe in detail the tasks performed on a
7   given day, as well as the amount of time spent for each task. (Doc. No. 55-2.) In total, attorney
8   Jollymore spent 313.20 hours in defending defendant in this action, which included the time spent
9   performing attorney functions, paralegal functions, and clerical functions, as well as time spent on
10  duplicative work and administration. (Doc. No. 12–18.) For the purposes of the pending motion,
11  attorney Jollymore reconstructed his timesheets to segregate the tasks he had performed into
12  different categories so that appropriate hourly rates could be applied for the different categories of
13  tasks (e.g., applying a reasonable paralegal rate to the tasks that would ordinarily be performed by
14  a paralegal). (*Id.*) Attorney Jollymore also reduced the time spent on duplicative legal work,
15  such as when portions of a legal brief were able to be repurposed for use in a subsequent brief.
16  (*Id.* at 15–17.) As a result of these reallocation and reductions, attorney Jollymore represents that
17  he spent 231.80 hours performing attorney tasks, 33.35 hours performing paralegal tasks, and
18  21.8 hours performing clerical tasks and reviewing records. (*Id.* at 18–20, n.16). Defendant
19  seeks an award of attorneys' fees based on hourly rates of $395 for time spent on attorney tasks,
20  $100 for time spent on paralegal functions, and $50 for time spent on clerical/secretarial
21  functions. (*Id.* at 20.)
22        The court will first address the reasonableness of the requested hourly rates and then turn
23  to the reasonableness of the amount of hours spent on this action, which the court will use to
24  calculate defense counsel's lodestar.
25        1.    <u>Reasonableness of Defense Counsel's Hourly Rates</u>
26        "Case law determining reasonable hourly rates in anti-SLAPP cases within the court's
27  Sacramento division is sparse, but the court may nonetheless assign a fee based on its own
28  knowledge and familiarity with the legal market, factoring in the attorney's experience and skill;

6

the difficulty or complexity of the litigation to which that skill was applied; and the rates determined reasonable in other cases." *AT&T Mobility LLC v. Yeager*, No. 2:13-cv-00007-KJM-DB, 2018 WL 1567819, at *3 (E.D. Cal. Mar. 30, 2018); *cf. Reade v. New York Times Co.*, No. 2:22-cv-00543-WBS-KJN, 2023 WL 2602296, at *2 (E.D. Cal. Mar. 22, 2023) (awarding fees pursuant to anti-SLAPP statute but noting that the rate of $600–$670 for an attorney with twenty years of experience was higher than the rates typically awarded in this district, albeit in cases that involved different types of claims, such as civil rights and disability discrimination claims).

     Here, attorney Jollymore states that he is a skilled litigator with nearly 45 years of experience litigating First Amendment cases involving libel in New York and California after graduating from law school in 1979. (Doc. No. 55-1 at ¶ 4.) Attorney Jollymore has two advanced degrees in mass media studies and intellectual property law, and for 18 years, attorney Jollymore taught a First Amendment course on mass media law as an adjunct professor at Fordham University School of Law. (*Id.*) In his declaration, attorney Jollymore explains that because he works from a home office and has low overhead expenses, he is able to charge a standard hourly rate of $395, which is on the low end of fees charged in most areas of California of similar skill and experience level. (*Id.* at ¶ 3.) In light of this relatively low hourly rate for the relevant legal market, here the Eastern District of California, defendant argues in his motion that $395 per hour is a reasonable hourly rate for the time attorney Jollymore spent performing attorney tasks. (Doc. No. 55 at 18.) The court agrees. Even though attorney Jollymore did not distinguish between tasks that would ordinarily be performed by junior associates at lower billing rates or by senior partner with high billing rates, the court finds that in its experience in this district, the hourly rate of $350 is reasonable for all of the attorney time spent in this action. Notably, the undersigned has previously found the following ranges of hourly rates to be reasonable: $650–$750 for senior partners with over thirty years of experience; $545–$695 for partners and senior counsel; $475–$575 for senior associates; $330–$400 for junior associates; $200 for paralegals. *See Mostajo v. Nationwide Mut. Ins. Co.*, No. 2:17-cv-00350-DAD-AC, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023) (citing cases).

/////

In addition, the hourly rate of $100 for paralegal tasks is likewise reasonable and consistent with the paralegal rates previously awarded in this district. *AT&T Mobility LLC*, 2018 WL 1567819, at *5 (applying "the reasonable hourly rate for paralegals in this division, which is $100").[2] The court will utilize these reasonable rates in calculating defendant's lodestar in this action below.

    2.        Reasonableness of the Hours Billed by Defense Counsel

In calculating the reasonable number of hours spent by defense counsel in the anti-SLAPP context, courts include time spent in connection with the anti-SLAPP motion, "time spent on th[e] motion for fees and costs," and time spent preparing "other motions associated with the motion to strike." *Shahid Buttar for Cong. Comm.*, 2023 WL 2989023, at *3 (citing *Ketchum*, 24 Cal. 4th at 1141); *DuBois v. Boskovich*, No. 21-cv-03224-HSG, 2023 WL 3637030, at *1 (N.D. Cal. May 24, 2023). "Courts have awarded time spent on motions to dismiss, discovery, notices of removal, and answers to complaints, as long as that work was connected to the anti-SLAPP motion." *Mullan v. Daniels*, No. 19-cv-04058-KAW, 2021 WL 4932726, at *2 (N.D. Cal. Apr. 7, 2021) (citing cases). The anti-SLAPP statute's fee shifting provision "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002).

Here, defendant seeks an award of attorneys' fees for time spent on defendant's opposition to plaintiff's motion for a temporary restraining order, defendant's anti-SLAPP motion to strike, defendant's reply brief in support of his anti-SLAPP motion, and defendant's motion for

---

[2] The court need not address the reasonableness of the requested $50 hourly rate for clerical tasks because the court will not include any of the time spent on clerical tasks (21.8 hours) in the attorney's fee award. "Clerical work may not be billed since it is part of a law firm's overhead." *Campbell v. Astrue*, No. 1:09-cv-00719-SMS, 2011 WL 2493749, at *2 (E.D. Cal. June 21, 2011); *see also Martinez v. Thrifty Payless, Inc.*, No. 2:02-cv-0745-MCE-JFM, 2006 WL 279309, at *4 (E.D. Cal. Feb. 6, 2006) (explaining that "secretarial costs are deemed by courts within this circuit to constitute overhead, or the cost of doing business, and are thus not separately reimbursable"); *Marquez v. Harper Sch. Dist. No. 66*, 546 F. App'x 659, 660 (9th Cir. 2013) (concluding that "the district court was within its discretion when it . . . deleted hours for clerical tasks"). Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

attorney's fees and costs.  (Doc. No. 55 at 12.)  Defendant contends that an attorney's fee award in this case should include the time spent opposing plaintiff's motion for a temporary restraining order because that opposition was "so inextricably intertwined" with the anti-SLAPP motion and indeed "[b]efore the Firm could prepare the anti-SLAPP papers, it needed to defend the TRO." (*Id.* at 23.)  Further, defense counsel explains that "the guts for each set of papers," for both the opposition to plaintiff's motion for a temporary restraining order and the anti-SLAPP motion, "were arguments based on the substantive law of trade libel, intentional interference with business relationships, and the First Amendment, which were all intertwined between the two motions in shared concept." (*Id.* at 55.)  Defendant contends, in other words, that "[i]t would be impossible, both as a legal and a practical matter, to allocate attorneys' fees between [opposition to] a motion to enjoin speech and a motion asking a court to strike a claim against the same speech, when the two are so tightly knitted together." (*Id.* at 23.)  The court agrees that under these circumstances, defendant's opposition to plaintiff's motion for a temporary restraining order was associated with defendant's anti-SLAPP motion, and thus the time spent on that opposition will be included in the lodestar calculation.  In addition, the court finds that defense counsel spent a reasonable amount of time (approximately 40 hours) in opposing the motion for a temporary restraining order, particularly given that defense counsel also had to file a motion for an extension of time to respond to plaintiff's motion because plaintiff refused to stipulate to such an extension.

        The court also finds that the amount of time spent by defense counsel for the anti-SLAPP motion (approximately 110 hours of attorney time), for the reply brief (approximately 37 hours of attorney time), and for the motion for attorney's fees and costs (approximately 41 hours of attorney time), is reasonable and consistent with orders granting similar awards in this court and other district courts in California.  *See Garrett v. Hine*, No. 1:21-cv-0845-DAD-BAK, 2022 WL 2791236, at *5 (E.D. Cal. July 15, 2022) (finding 150 hours spent on anti-SLAPP motion reasonable, even though "somewhat bloated"); *see also Shepard v. Miler*, No. 2:10-cv-1863-WBS-JFM, 2011 WL 1740603, at *7 (E.D. Cal. May 5, 2011) (finding 234.8 hours was a reasonable amount of time for defendants' counsel to expend, which included 217.3 hours of attorney time on the anti-SLAPP motion and reply brief and 59.3 hours of attorney time on the

1    motion for attorneys' fees); *Skidmore v. Gilbert*, No. 20-cv-06415-BLF, 2022 WL 4625071, at

2    *10 (N.D. Cal. Sept. 30, 2022) (finding that 106.5 hours of attorney time was reasonable for anti-

3    SLAPP motions, after applying downward adjustment and reductions); *Moonbug Ent. Ltd. v.*

4    *Babybus (Fujian) Network Tech. Co.*, No. 21-cv-06536-EMC, 2022 WL 1289048, at *3, *5 (N.D.

5    Cal. Apr. 29, 2022) (finding that 201.67 hours of attorney time was reasonable for original and

6    amended anti-SLAPP motions, and that 86.97 additional hours for the time spent on the

7    attorneys' fees motion was also reasonable).  The court also finds that the total amount of time

8    spent performing paralegal functions in this action, 33.35 hours, is reasonable, particularly given

9    that none of those hours were spent performing clerical duties, such as e-filing, proofreading,

10   preparing tables, etc., which in the undersigned's experience, have sometimes been improperly

11   included in fee requests.

12       In sum, the court finds that defense counsel reasonably spent 231.80 hours performing

13   attorney tasks and 33.35 hours performing paralegal tasks, and those amounts will be used to

14   calculate the lodestar.

15       3.    <u>Lodestar Calculation</u>

16       Applying the reasonable hourly rates to the number of hours reasonably spent in this

17   action, the court calculates the lodestar to be $94,896.00.[3]  Accordingly, the court will award

18   defendant $94,896.00 in attorney's fees incurred in this action.

19       4.    <u>Costs Incurred in this Action</u>

20       Next, the court turns to the costs that defense counsel incurred on defendant's behalf in

21   this action.  Defendant seeks to recover $533.89 in costs, which included filing and research fees.

22   (Doc. No. 55-2 at 12.)  The court finds that these costs were reasonably incurred and will award

23   defendant $533.89 in costs incurred in this action.

24       In total, the court will grant defendant's pending motion and award $95,429.89 in

25   attorney's fees and costs incurred in this action.

26   /////

---

[3] This figure was calculated as follows:  (231.8 attorney hours x $395/hr = $91,561) + (33.35 paralegal hours x $100/hr = $3,335).

10

**CONCLUSION**

For the reasons explained above,

1. Defendant's motion for an award of attorneys' fees and costs pursuant to California's anti-SLAPP statute (Doc. No. 55) is granted;

    a. The court awards defendant $95,429.89 in attorney's fees and costs incurred in this action;

2. Plaintiff is directed to pay defendant the amount awarded above; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 26, 2023**         /s/ Dale A. Drozd
_____
UNITED STATES DISTRICT JUDGE